The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Nationwide Insurance Company was the compensation carrier on the risk.
4. The date of alleged injury was 26 April 1992.
The parties also stipulated to the records from Doctor's Urgent Care Centre and a one-page note from Dr. Kosterman.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 46-year-old high school graduate who was employed by defendant-employer in April 1992 as a food service worker.
2. On 26 April 1992 plaintiff arrived at work at 8:00 a.m. and was assigned to work in the dish room. At approximately 9:00 a.m. she told her shift leader, Richard Haire, that her back was hurting after she had slipped and fell on a greasy floor and later lifting a heavy rack of dishes.
3. On 27 April 1992 plaintiff was seen at the Doctor's Urgent Care Centre complaining of back pain from lifting a heavy rack of dishes. Plaintiff's condition was diagnosed as lumbar strain and after several additional visits to Urgent Care she was released to return to regular work without restrictions on 12 May 1992.
4. Plaintiff's testimony that she injured her back arising out of and in the course of her employment with defendant-employer on 26 April 1992 when she slipped and fell on a greasy floor and later felt more pain while she was emptying the dishwasher and lifting racks and trays of plates and glasses, is accepted as credible. Both the slip and fall on the greasy floor and the sharp pain from lifting a heavy rack of dishes qualify as specific traumatic indicents.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's claim for benefits under the Workers' Compensation Act is hereby granted due to her sustaining an injury by accident arising out of and in the course of her employment with defendant-employer on 26 April 1992. N.C.G.S. § 97-2(6).
2. Defendants shall pay for all medical services received by plaintiff as a result of her sustaining an injury by accident on 26 April 1992. N.C.G.S. § 97-25.
3. Plaintiff is entitled to compensation at the rate of $154.13 per week from 26 April 1992 to May 18, 1992. This compensation having accrued, it shall be paid directly to plaintiff in a lump sum. N.C.G.S. § 97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is hereby granted.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of the compensable injury she sustained on 26 April 1992.
3. Plaintiff is entitled to compensation at the rate of $154.13 per week from 26 April 1992 to 18 May 1992. This compensation having accrued, it shall be paid directly to plaintiff in lump sum.
4. Defendants' motion to dismiss the appeal to the full Commission is DENIED.
5. Defendants shall pay the costs due this Commission.
 S/ ______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________________ THOMAS J. BOLCH COMMISSIONER
CMV/CNP/tmd 4/17/95;